UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60087-WILLIAMS/AUGUSTIN-BIRCH

**CHANEL, INC.,**

    **Plaintiff,**

v.

**21748632,** *et al.***,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS**

THIS CAUSE comes before the Court on Plaintiff's Motion for Entry of Final Default Judgment Against Defendants ("Motion for Final Default Judgment") [DE 17]. Kathleen M. Williams, United States District Judge, referred the Motion to the undersigned Magistrate Judge for a report and recommendation. DE 18. The Court has carefully considered the Motion for Final Default Judgment, the record, and the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion for Final Default Judgment be **GRANTED**.

**I.     OVERVIEW OF CLAIMS**

Plaintiff, Chanel, Inc. ("Plaintiff") filed this action against Defendants in the Southern District of Florida on January 18, 2023. DE 1. Plaintiff alleges that Defendants are "individuals, business entities of unknown makeup, or unincorporated associations each of whom . . . either reside and/or operate in foreign jurisdictions." *Id.* ¶ 7. Defendants operate on the DHgate.com platform through various e-commerce stores, identified by Store identification numbers ("Store IDs") as listed on Schedule "A" of the Complaint. *Id.* at 1, 21-23. Plaintiff owns various

trademarks registered on the Principal Register of the United States Patent and Trademark Office as shown in the table below (referred to herein as "Plaintiff's Marks"). *See id.* ¶ 14.

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 - Hats, Shawls and Belts |
| (CC logo) | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br>IC 014 - Costume Jewelry<br>IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 - Brooches and Buttons for Clothing |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| (CC logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |
| (CC logo) | 4,241,822 | November 13, 2012 | IC 025 - For Clothing, namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Hats, Scarves, Ties, Gloves, Footwear, Hosiery |

Plaintiff's Marks are well-known and "are symbols of [Plaintiff's] quality, reputation, and goodwill." *Id.* ¶¶ 17-18. Plaintiff's Marks have been commercially used for a prolonged time period, have never been assigned or licensed to Defendants, and have never been abandoned. *Id.* ¶¶ 15-17. Due to Plaintiff's efforts, consumers "readily identify" products sold with Plaintiff's Marks as high-quality. *Id.* ¶ 20.

In its Complaint, Plaintiff alleges the following regarding Defendants' infringement. Defendants are using "counterfeit and confusingly similar imitations" of Plaintiff's Marks to initially attract consumers to Defendants' e-commerce stores, without authorization to use Plaintiff's Marks. *Id.* ¶¶ 23, 29. Defendants' actions are depriving Plaintiff and other third parties "of their right to fairly compete" in the e-commerce marketplace with genuine products, degrading the goodwill value of Plaintiff's Marks, and increasing Plaintiff's costs to market its genuine products and educate consumers about its brand. *Id.* ¶ 26. Defendants' infringing actions directly and proximately caused Plaintiff harm. *Id.* ¶ 38. Plaintiff "is suffering irreparable injury" and "has no adequate remedy at law" available. *Id.* ¶¶ 36-37. Absent permanent injunctive relief, Plaintiff "and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit." *Id.* ¶ 37.

Pursuant to the Declaration of Elizabeth Han in Support of Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, prior to filing this action, Plaintiff "retained Invisible Inc, a licensed private investigative firm, to investigate the suspected sales of counterfeit [Plaintiff] branded products by Defendants." DE 17-1 ¶ 10. Invisible Inc ordered products with counterfeit Plaintiff's Marks from e-commerce stores operating under Defendants' Store IDs and provided Plaintiff with "detailed web page captures depicting, among other things, the [Plaintiff] branded products available for purchase from Defendants via their e-commerce stores." *Id.* ¶ 11.

Elizabeth Han, Plaintiff's Senior Counsel - Anti-counterfeiting, is in part responsible for Plaintiff's "trademark and anti-counterfeiting efforts in the United States," and is "trained to identify the distinctions between genuine [Plaintiff-branded] merchandise and counterfeit copies of the same." *Id.* ¶¶ 2-3. Elizabeth Han analyzed and reviewed the web page captures of the items Defendants sold through Defendants' e-commerce stores and determined that the items were "non-genuine, unauthorized [Plaintiff] branded products." *Id.* ¶ 12. Elizabeth Han further confirmed that Defendants lack authorization from Plaintiff to use Plaintiff's Marks in connection with Defendants' e-commerce stores. *Id.* ¶ 13.

In its 4-count Complaint, Plaintiff seeks damages and injunctive relief for Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I); False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II); Common Law Unfair Competition (Count III); and Common Law Trademark Infringement (Count IV). DE 1 ¶¶ 1, 39-64. In Plaintiff's prayer for relief, Plaintiff seeks, among other things:

(1) a permanent injunction enjoining Defendants from using, advertising, or selling items using Plaintiff's Marks, and enjoining Defendants, and third parties with actual notice of the permanent injunction, from providing services in support of Defendants' infringing use, *id.* ¶ 65(a), (b);
(2) an order authorizing Plaintiff to serve an injunction to request that e-mail service providers permanently suspend the e-mail addresses connected with the infringing use, *id.* ¶ 65(c);
(3) an order allowing Plaintiff to request
    (a) the termination of the Store IDs and related e-commerce usernames and social media accounts, *id.* ¶ 65(d);
    (b) that the administrators of the Store IDs disable or prevent access to the Store IDs, *id.* ¶ 65(e);
    (c) that the administrators of the Store IDs identify e-mail addresses associated with the Store IDs, *id.* ¶ 65(f);
    (d) that the administrators of the Store IDs remove all listings bearing images of the infringing goods, *id.* ¶ 65(g); and
    (e) that the infringing goods be surrendered to Plaintiff, *id.* ¶ 65(h);
(4) an order
    (a) for treble or statutory damages, *id.* ¶65(i);
    (b) for an award of costs, attorney's fees, and investigative fees in the action, *id.* ¶ 65(j);

      (c) allowing Plaintiff to request Defendants and their financial institutions to identify, restrain, and surrender up to the total amount of the judgment to Plaintiff from accounts used in connection with the Store IDs, *id.* ¶ 65(k); and

      (d) an award of prejudgment interest, *id.* ¶ 65(l); and

(5) the entry of an order allowing Plaintiff to request Defendants pay the cost to correct any incorrect public perception, *id.* ¶ 65(m).

## II. PROCEDURAL BACKGROUND

Plaintiff filed a Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), requesting that the Court enter an order allowing Plaintiff to serve Defendants through alternate means. DE 7. This Court entered an Order Granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). DE 8. Plaintiff served Defendants through alternate methods on January 31, 2023, making Defendants' responses due no later than February 21, 2023. DE 14. None of Defendants responded to the Complaint or sought an extension of time to respond before the deadline. DE 15 at 1. Plaintiff filed its Request for Clerk's Entry of Default on March 3, 2023, which the Clerk entered. *Id.*; DE 16. Plaintiff stated that, upon Plaintiff's belief "none of the Defendants could be considered infants or incompetent persons" and "the Servicemembers Civil Relief Act does not apply." DE 15 at 2. Plaintiff filed its Motion for Final Default Judgment, DE 17, which Judge Williams referred to the undersigned Magistrate Judge. DE 18. Plaintiff's Motion for Final Default Judgment seeks a permanent injunction against Defendants and statutory damages. DE 17 at 8-17.

## III. LEGAL STANDARD

### A. Default Judgment

A party may apply to the court for a default judgment once the clerk enters a default against a defendant. Fed. R. Civ. P. 55(b)(2); *Mierzwicki v. CAB Asset Mgmt., LLC.*, No. 14-CIV-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014) ("Once a [clerk's] default is entered, a plaintiff

5

may seek entry of a default judgment against the defaulting defendant."). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). Although a defendant admits through default well-pleaded facts, the court determines conclusions of law. *Goldman v. HSBC Bank USA, Nat'l Ass'n*, No. 13-81271-CIV, 2015 WL 1782241, at *1 (S.D. Fla. Mar. 24, 2015). "In addition to the pleadings, the court may also consider evidence presented in support of the motion for default judgment, including testimony and affidavits." *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-1261, 2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, No. 21-cv-1261, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022). The court must determine if there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Goldman*, 2015 WL 1782241, at *1 (quotation marks omitted).

### B. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). The "remedy of choice for trademark and unfair competition cases" is injunctive relief "since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (quotation marks omitted). Injunctive relief is available even in a default judgment setting. *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1261-62 (S.D. Fla. 2016) ("Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction."). The district court has "broad equity powers [to] allow it to fashion injunctive relief necessary to stop the Defendants' infringing activities," as

6

the court "may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities." *Tiffany (NJ) LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-cv-60299, 2020 WL 4501770, at *6 (S.D. Fla. June 26, 2020).

To obtain permanent injunctive relief, the plaintiff must demonstrate that: (i) the plaintiff has suffered irreparable injury; (ii) there is no adequate remedy at law; (iii) the balance of hardships favors an equitable remedy; and (iv) an issuance of an injunction is in the public's interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . a substantial threat of irreparable harm." *El Palacio de Los Jugos, Inc. v. El Patio de Los Jugos USA Corp.*, No. 19-24642-CIV, 2020 WL 13358553, at *4 (S.D. Fla. Feb. 10, 2020) (alteration in original) (quotation marks omitted). Courts have found that "[a]n award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result" if a defendant is permitted to continue its infringing actions. *Id.*; *see also Chanel, Inc.*, 234 F. Supp. 3d at 1262. Further, a defendant "face[s] no hardship from an injunction prohibiting [its] unlawful activities." *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *6 (S.D. Fla. July 7, 2021).

### C. Damages

Once a plaintiff has established a sufficient basis for liability, the court must determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Fed. R. Civ. P. 55(b)(2) allows the court to conduct a hearing on damages, however an evidentiary hearing is not needed when the record adequately supports the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. We have held that no such hearing is required where all

essential evidence is already of record.") (citation omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1217 (holding that when the plaintiff sought statutory damages and attached detailed declarations and documentary evidence to the plaintiff's default motion, a hearing was unnecessary to determine damages). The court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007).

The district court has "wide discretion in awarding statutory damages." *PetMed Express*, 336 F. Supp. 2d at 1219. "An award of statutory damages is appropriate despite a plaintiff's inability to provide actual damages caused by a defendant's infringement." *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1292 (S.D. Fla. 2016); *see also PetMed Express*, 336 F. Supp. 2d at 1220 ("Several courts have found statutory damages specially appropriate in default judgment cases due to infringer nondisclosure."). A court may award a minimum of $1,000.00, and a maximum of $200,000.00 in statutory damages "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). "[I]f the court finds that the use of the counterfeit mark was willful," the court can award statutory damages of no more than $2,000,000.00 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* § 1117(c)(2). "A defendant's trademark infringement is willful when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright." *Sream, Inc. v. Asat Inc.*, No. 18-14258-CIV, 2019 WL 1573337, at *4 (S.D. Fla. Apr. 11, 2019) (quotation marks omitted). Willfulness may be inferred from a defendant's default. *Id.*

### IV.  DISCUSSION/ANALYSIS

Plaintiff's Complaint contains well-pleaded allegations of each claim as detailed below. Because of Defendants' default, Defendants "admit[] the plaintiff's well-pleaded allegations of fact, [are] concluded on those facts by the judgment, and [are] barred from contesting on appeal the facts thus established."  *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 (quotation marks omitted).

#### A. Liability

##### 1. *Count I – Trademark Counterfeiting and Infringement*

To prove liability under the Lanham Act for trademark counterfeiting and infringement, the plaintiff must show "(1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two."  *Abercrombie & Fitch Trading Co. v. Artemis Gesdy*, No. 19-CIV-60287, 2019 WL 4693557, at *2 (S.D. Fla. July 10, 2019) (quotation marks omitted).

As to Count I, Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act, Plaintiff alleges the following in its Complaint:

> 14. [Plaintiff] is the owner of all rights in and to [certain] trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office.
>     . . . .
> 41. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of [Plaintiff's] Marks.  Defendants are continuously infringing and inducing others to infringe [Plaintiff's] Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing [Plaintiff] branded goods.
> 42. Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.[1]

---

[1] Capitalized terms in direct quotations within this Report and Recommendation have the same meaning ascribed to them as in the citation.

> 43. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm to [Plaintiff] and are unjustly enriching Defendants with profits at [Plaintiff's] expense.
>     . . . .
> 45. [Plaintiff] has suffered and will continue to suffer irreparable injury while Defendants are earning a substantial profit due to Defendants' [infringing] activities if Defendants are not permanently enjoined.

DE 1 ¶¶ 14, 41-43, 45.

Defendants admit through their default all well-pleaded allegations of fact. Plaintiff has sufficiently alleged that Plaintiff owns Plaintiff's Marks, and therefore had prior rights to use Plaintiff's Marks. Defendants further admit that Defendants used Plaintiff's Marks without authorization, and that such use is likely to cause, and is causing, confusion between the authentic use of Plaintiff's Marks and Defendants' counterfeit and infringing use of Plaintiff's Marks with consumers. Accordingly, Plaintiff is entitled to default judgment as to Count I.

### 2. *Count II – False Designation of Origin*

Liability for false designation of origin under the Lanham Act occurs when "an entity . . . misrepresents the nature, characteristics, qualities, or geographic origin of its services in commercial advertising or promotion." *Sovereign Mil. Hospitaller Ord. of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Ord. of Saint John of Jerusalem, Knights of Malta, Ecumenical Ord.*, 702 F.3d 1279, 1294 (11th Cir. 2012) (quotation marks omitted). Courts have interpreted this to require a plaintiff

> demonstrate that: (1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) it has been, or likely will be, injured as a result of the false or misleading statement.

*Id.*

As to Count II, False Designation of Origin Pursuant to § 43(a) of the Lanham Act, Plaintiff alleges the following in its Complaint:

> 31. Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between [Plaintiff's] genuine goods and Defendants' Counterfeit Goods, which there is not.
>
>      . . . .
>
> 49. Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade design, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to [Plaintiff's] detriment.
> 50. Defendants have each authorized infringing uses of one or more of [Plaintiff's] Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.
> 51. Defendants are simultaneously using counterfeits and infringements of one or more of [Plaintiff's] Marks to unfairly compete with [Plaintiff] and others for space within organic and paid search engine and social media results, thereby jointly (i) depriving [Plaintiff] of valuable marketing and educational space online which would otherwise be available to [Plaintiff], and (ii) reducing the visibility of [Plaintiff's] genuine goods on the World Wide Web and across social media platforms.
>
>      . . . .
>
> 53. [Plaintiff] has no adequate remedy at law and has sustained both individual and indivisible injury caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, [Plaintiff] will continue to suffer irreparable injury to its goodwill and business reputation, while Defendants are earning a substantial profit.

DE 1 ¶¶ 31, 49-51, 53.

Defendants admit through their default all well-pleaded allegations. Therefore, Defendants' use of Plaintiff's Marks falsely described and misrepresented the nature, characteristics, qualities, and origin of the counterfeit and infringing goods. Further Defendants' false use of Plaintiff's Marks misled consumers and materially affected consumers' decisions to purchase certain products. Defendants are unfairly competing in the e-commerce marketplace, affecting interstate commerce in the United States. Plaintiff is suffering and will continue to suffer

injury from Defendants' use of Plaintiff's Marks. Therefore, Plaintiff is entitled to default judgment as to Count II.

### 3.  *Count III – Common Law Unfair Competition*

Under Florida's common law, the test for unfair competition is whether there is a likelihood of confusion. *Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *3 ("Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida."). A finding of actual confusion is not necessary. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-8381-Civ, 1986 WL 15668, at *4 (S.D. Fla. Dec. 9, 1986).

As to Count III, Common Law Unfair Competition, Plaintiff alleges in its Complaint that:

> 56. Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of [Plaintiff's] Marks. Defendants are also each using counterfeits and infringements of one or more of [Plaintiff's] Marks to unfairly compete with [Plaintiff] and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.
> 57. Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores and websites as a whole and all products sold therein by their use of [Plaintiff's] Marks.

DE 1 ¶¶ 56-57.

Defendants admit, through default, that Defendants are infringing on Plaintiff's Marks. Defendants' unauthorized use, marketing, and sale of products bearing Plaintiff's Marks in the consumer marketplace is likely to cause, and is causing, confusion with consumers as to the origin and quality of goods bearing Plaintiff's Marks. Plaintiff is therefore entitled to default judgment as to Count III.

### 4. *Count IV – Common Law Trademark Infringement*

Liability for Florida's common law trademark infringement follows the same analysis as liability for trademark infringement under the Lanham Act. *Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *3.

As to Count IV, Common Law Unfair Competition, Plaintiff alleges in its Complaint that:

60. [Plaintiff] is the owner of all common law rights in and to [Plaintiff's] Marks.
    . . . .
62. [E]ach Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of [Plaintiff's] Marks.
63. Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using [Plaintiff's] Marks.

DE 1 ¶¶ 60, 62-63.

Since liability for trademark infringement under Florida's common law follows the same analysis as that of trademark infringement under the Lanham Act, Plaintiff has adequately alleged all requirements for statutory and common law trademark infringement. Plaintiff has alleged that it has prior rights to Plaintiff's Marks and further, that Defendants' infringing use of Plaintiff's Marks is likely to cause, and causes, confusion to consumers. Plaintiff is therefore entitled to default judgment as to Count IV.

### B. Injunctive Relief and Damages

Plaintiff requests permanent injunctive relief and statutory damages against Defendants for trademark infringement under Count I in its Motion for Final Default Judgment. DE 17 at 8-16. As to Counts II, III, and IV, Plaintiff has limited its request for damages to the amount awarded pursuant to its request as to Count I. *Id.* at 17.

1. *Injunctive Relief*

Plaintiff meets the requirements for the issuance of a permanent injunction.  First, Plaintiff has shown that it will suffer continued irreparable injury absent an injunction.  *Id.* at 10.  Plaintiff has identified certain marks, Plaintiff's Marks, to which Plaintiff holds the valid U.S. trademarks.  Plaintiff has also sufficiently demonstrated that there is a strong likelihood of confusion between Plaintiff's genuine trademark use and Defendants' unauthorized use of Plaintiff's Marks on counterfeit goods sold and distributed in the marketplace.

Second, Plaintiff has demonstrated that absent a preliminary injunction there is no adequate legal remedy as Defendants will continue to sell the infringing goods, further diluting Plaintiff's goodwill and its rightful share of the e-commerce marketplace.  Additionally, Plaintiff has demonstrated that monetary damages alone will not suffice as, absent an injunction, Defendants will continue to infringe on Plaintiff's Marks with counterfeit goods, and such monetary award will not cure Plaintiff's reputation and goodwill.

Third, Plaintiff has further shown that prohibiting Defendants from using Plaintiff's Marks will not create a hardship for Defendants because Defendants have no right to use Plaintiff's Marks.  However, absent a preliminary injunction, Plaintiff will continue to suffer hardship from Defendants' sale and marketing of infringing and counterfeit products.

Fourth, the issuance of a permanent injunction against Defendants will serve the public interest as a permanent injunction will prevent consumers and future consumers from being misled and lessen confusion in the marketplace.  Therefore, the district court can use the court's broad discretion to fashion the injunctive relief necessary to cease Defendants' infringing activities.  *See, e.g.*, *Chanel, Inc. v. AOZHU9284*, No. 19-63068-CIV-WILLIAMS (S.D. Fla. Feb. 25, 2020), DE 65 (entering a Final Default Judgment and Permanent Injunction to include permanent injunctive relief, various forms of equitable relief, and statutory damages, among other things).

### 2. *Statutory Damages*

In Count I, Plaintiff seeks statutory damages under 15 U.S.C. § 1117(c), which provides that a plaintiff may elect to recover statutory damages instead of actual damages in a case involving use of a counterfeit trademark. 15 U.S.C. § 1117(c). Plaintiff requests an award of $1,000,000 per Defendant as statutory damages.[2] It is within the Court's discretion whether to award up to $2,000,000 for the willful use of a counterfeit mark.

Here, the record establishes that Defendants copied and used Plaintiff's Marks for the purpose of using the counterfeit marks to derive their own benefit from Plaintiff's goodwill in the marketplace. DE 1 ¶¶ 26-27. Defendants admit through their default that such use was willful. *See id.* ¶¶ 28, 30. Plaintiff's request for statutory damages in the amount of $1,000,000 per Defendant is within the range of statutory damages awards entered in similar cases. *E.g., Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *5 (finding that a statutory damages award of $1,000,000 per defendant was just and within the statutory range provided for in 15 U.S.C. § 1117(c) when the defendants admitted through default that each had intentionally copied the plaintiff's marks); *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1265-66 (S.D. Fla. 2019) (awarding $1,000,000 against each defendant pursuant to 15 U.S.C. § 1117(c)); *Richemont Int'l SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-61033-CIV, 2022 WL 16716103, at *9 (S.D. Fla. Oct. 18, 2022) (recommending an award of $1,000,000 against each defendant pursuant to 15 U.S.C. § 1117(c)), *report and recommendation adopted*, No. 22-61033-CIV, 2022 WL 16714472 (S.D. Fla. Nov. 4, 2022); *Louis Vuitton Malletier v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule A*, No. 22-60177-CIV-WILLIAMS (S.D. Fla. Nov. 21, 2022), DE 46 at 5 (awarding $1,000,000 against each

---

[2] The Complaint, DE 1, lists 100 separate Defendants identified by Store ID as set forth on Schedule "A" attached to the Complaint and attached as Schedule "A" to this Report and Recommendation.

defendant pursuant to 15 U.S.C. § 1117(c)). A recommendation in accordance with Plaintiff's request for statutory damages of $1,000,000 against each Defendant is therefore within the appropriate statutory range.

As to Counts II, III, and IV, Plaintiff has limited its damages request to the statutory damages available under Count I, therefore damages can be awarded pursuant to the analysis of statutory damages as to Count I.

## V. RECOMMENDATION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants [DE 17] be **GRANTED** and a Final Default Judgment and Permanent Injunction be entered against the Defendants listed on Schedule "A."

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file, or seek an extension of time to file, written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of March, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, DHGATE.COM STORE ID, AND INFRINGING PRODUCT NUMBER

| Defendant Number | Defendant / Store ID | Infringing Product Number |
|---|---|---|
| 1 | 21748632 | 786729465 |
| 2 | 21815414 | 792443359 |
| 3 | 21815212 | 789231930 |
| 4 | 21838279 | 807592209 |
| 5 | 21815033 | 800906206 |
| 6 | 21815001 | 807586298 |
| 7 | 21749504 | 788039951 |
| 8 | 21815090 | 800906227 |
| 9 | 21815088 | 800906889 |
| 10 | 21815242 | 788562030 |
| 11 | 21818681 | 792199820 |
| 12 | 21814698 | 807110684 |
| 13 | 21705310 | 775653759 |
| 14 | 21826976 | 809131103 |
| 15 | 21686397 | 811131289 |
| 16 | 21815145 | 801139929 |
| 17 | 21816127 | 806000539 |
| 18 | 21815129 | 802927113 |
| 19 | 21772033 | 757197740 |
| 20 | 20959362 | 718388611 |
| 21 | 21800555 | 770592032 |
| 22 | 21816707 | 785489268 |
| 23 | 21816183 | 807310291 |
| 24 | 21815147 | 802588002 |
| 25 | 21818693 | 793413026 |
| 26 | 21705321 | 789967368 |
| 27 | 21814896 | 800483432 |
| 28 | 21705324 | 775597867 |
| 29 | 21750819 | 780356989 |
| 30 | 21818684 | 792652246 |
| 31 | 21815106 | 802976619 |
| 32 | 21770725 | 764830051 |
| 33 | 21782957 | 806092786 |
| 34 | 21800938 | 790586916 |

17

| | | |
|---|---|---|
| 35 | 21801010 | 790687845 |
| 36 | 21800950 | 790626862 |
| 37 | 21818673 | 792745488 |
| 38 | 21800580 | 771918030 |
| 39 | 21800923 | 790558554 |
| 40 | 21815215 | 786762671 |
| 41 | 21815214 | 786762685 |
| 42 | 21800979 | 791012216 |
| 43 | 21800968 | 790646092 |
| 44 | 21828876 | 806663649 |
| 45 | 21739065 | 809772998 |
| 46 | 21741156 | 809979634 |
| 47 | 21845586 | 813726860 |
| 48 | 21733884 | 806656432 |
| 49 | 21800055 | 806664103 |
| 50 | 21744400 | 809762931 |
| 51 | 21720133 | 812028042 |
| 52 | 21739104 | 810004517 |
| 53 | 21738986 | 812021470 |
| 54 | 21841145 | 812369725 |
| 55 | 21739060 | 809782664 |
| 56 | 21744399 | 813972903 |
| 57 | 21744397 | 809723779 |
| 58 | 21744402 | 814010828 |
| 59 | 21739063 | 814275372 |
| 60 | 21800054 | 814286422 |
| 61 | 21694066 | 756819894 |
| 62 | 21623544 | 721755551 |
| 63 | 21749578 | 764856407 |
| 64 | 21820442 | 798747454 |
| 65 | 21776875 | 766593733 |
| 66 | 21787091 | 766550263 |
| 67 | 21811035 | 804875301 |
| 68 | 21753147 | 748990011 |
| 69 | 21754704 | 807394804 |
| 70 | 21755477 | 798747571 |
| 71 | 21813579 | 811359114 |
| 72 | 21755813 | 810585914 |
| 73 | 20799263 | 773065804 |

| | | |
|---|---|---|
| 74 | 21285082 | 701966543 |
| 75 | 20625124 | 807096490 |
| 76 | 21786881 | 798164554 |
| 77 | 21823186 | 788784916 |
| 78 | 21781255 | 759808101 |
| 79 | 15905979 | 768735497 |
| 80 | 20971996 | 785567534 |
| 81 | 21642414 | 809150055 |
| 82 | 21731704 | 784365573 |
| 83 | 21710727 | 755189990 |
| 84 | 19975941 | 747753799 |
| 85 | 21443017 | 785925872 |
| 86 | 21817621 | 798741487 |
| 87 | 21718619 | 812219094 |
| 88 | 20434330 | 808438415 |
| 89 | 21837965 | 816129764 |
| 90 | 21201777 | 804769545 |
| 91 | 21800446 | 777320023 |
| 92 | 21802974 | 808398585 |
| 93 | 21794401 | 808250426 |
| 94 | 21754708 | 814540216 |
| 95 | 21807624 | 809760555 |
| 96 | 21840821 | 817764946 |
| 97 | 21739479 | 815478041 |
| 98 | 21818126 | 814532502 |
| 99 | 21845799 | 813815818 |
| 100 | 21849646 | 817845048 |